UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REGINALD MCDONALD,<br><br>    Petitioner,<br><br>vs.<br><br>STEPHANIE HUMPHREY, *et al.,*<br><br>    Respondents. | 3:10-cv-00149-RCJ-VPC<br><br>**ORDER** |

This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the court is respondents' answer to the petition (ECF #11). Petitioner filed a reply (ECF #18).

**I. Procedural Background**

On June 29, 2007, petitioner was charged by way of grand jury indictment with eight counts, including Battery with Use of Deadly Weapon Resulting in Substantial Bodily Harm; First Degree Kidnapping with use of a Deadly Weapon Resulting in Substantial Bodily Harm; Battery Constituting Domestic Violence with Substantial Bodily Harm; Battery with Intent to Commit a Crime with use of a Deadly Weapon; Attempted Murder; and Preventing or Dissuading Witness from Testifying or Producing Evidence, for allegedly severely beating his girlfriend on two occasions between February 16, 2007and May 25, 2007 (exhibit 1 to answer ).[1]

---

[1] All exhibits referenced in this order are exhibits to respondents' answer and may be found as attachments to ECF #11.

On January 3, 2008, petitioner entered an Alford plea and signed a guilty plea agreement in which he pled guilty to two counts: (1) Battery with Use of a Deadly Weapon Resulting in Substantial Bodily Harm and (2) Coercion with Use of a Deadly Weapon (ex.'s 2, 3). The guilty plea agreement provided that the State retained the right to argue petitioner's sentence. On February 21, 2008, petitioner was sentenced as follows: count 1: 72 to 180 months; count 2: 28 to 72 months plus an equal and consecutive term of 28 to 72 months, with count 2 to be served consecutive to count 1 (ex. 5). The judgment of conviction was filed on February 29, 2008 (ex. 6).

Petitioner did not file a direct appeal but filed a state postconviction petition for writ of habeas corpus on September 23, 2008 and an amended petition on November 17, 2008 (ex.'s 7, 8). On April 7, 2009, the state district court held an evidentiary hearing for the limited purpose of determining whether petitioner's counsel unreasonably failed to file a direct appeal (ex. 9). The state district court entered its order denying the petition on May 8, 2009 (ex. 10). The Nevada Supreme Court affirmed the denial of the petition on November 5, 2009 (ex. 11).

On March 17, 2010, petitioner filed this federal petition for writ of habeas corpus (ECF #4). Respondents have answered and argue that the grounds lack merit and the petition should be denied (ECF #11). Petitioner replied (ECF #18).

**II. Legal Standards**

    **A.**    **Antiterrorism and Effective Death Penalty Act**

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

These standards of review "reflect the ... general requirement that federal courts not disturb state court determinations unless the state court has failed to follow the law as explicated by the Supreme Court." *Davis v. Kramer*, 167 F.3d 494, 500 (9th Cir. 1999). Therefore, this court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Andrade*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to federal law, this court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Further, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

   **B.**  **Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-91 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness,. . . under prevailing professional norms." *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (internal quotations and citations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court recently described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)).

4

The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance. . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 131 S.Ct. at 1398-1401.

## III. Instant Petition

### A. Ground 1

Petitioner alleges the following: his rights under the First, Sixth and Fourteenth Amendments were violated when his counsel rendered ineffective assistance when she failed to inform him of his right to file a direct appeal (ECF #4 at 3). Respondents contend that the Nevada Supreme Court's decision that petitioner failed to demonstrate that his counsel's performance was prejudicially inadequate is not objectively unreasonable (ECF #11).

The state district court conducted an evidentiary hearing limited to the state ground that corresponds to this federal ground 1. Counsel testified at the evidentiary hearing that after petitioner's sentencing she met with him at the jail on two occasions. She testified as follows: she indicated to petitioner that she did not see any grounds for an appeal. She explained that he basically had three options: direct appeal, move to withdraw the guilty plea, or file a postconviction habeas petition. She never told petitioner that he could not appeal, he did not ask her to file a direct appeal, and he decided to take the route of filing a postconviction habeas petition (ex. 9 at 5-6). The district court denied this claim and denied the state postconviction petition in its entirety (ex. 10).

The Nevada Supreme Court affirmed the district court's denial of this claim, reasoning that petitioner:

> failed to demonstrate that his trial counsel's performance was deficient. The written guilty plea agreement correctly informed [petitioner] of the limited right to appeal the conviction. *Davis v. State*, 115 Nev. 17, 974 P.2d 658 (1999). At the evidentiary hearing, trial counsel testified that she had discussed the limited right to appeal with [petitioner]. Trial counsel further testified that she had two conversations with [petitioner] after sentencing because [petitioner] was upset with the sentence that he had received. Trial counsel informed [petitioner] that he had three options: a direct appeal, withdrawal of the plea, or petition for writ of habeas corpus challenging trial counsel's performance. Trial counsel testified that she explained to him that

> she did not see any viable issues for an appeal. Trial counsel testified that appellant chose to pursue the latter option and did not ask her to file an appeal at the conclusion of their conversation. The district court determined that [petitioner] had not asked trial counsel to file an appeal in this case. Substantial evidence supports that conclusion.

(Ex. 11 at 7).

The Nevada Supreme Court's affirmance of the denial of this ground based on its conclusion that petitioner failed to demonstrate that his trial counsel's performance was deficient is not an objectively unreasonable application of *Strickland*. Accordingly, ground 1 is denied.

### B. Ground 2

Petitioner claims that he was deprived of his right to any attorney, "altogether, on and for a direct appeal, without [his] consent" in violation of his Sixth and Fourteenth Amendment rights (ECF #4 at 8). Respondents argue that the Nevada Supreme Court's affirmance of the denial of this ground is not objectively unreasonable (ECF #11 at 8).

It appears from the Nevada Supreme Court's order of affirmance that it did not consider this ground separately from federal ground 1. This is not unreasonable; petitioner appears to allege that his counsel was ineffective by not filing a direct appeal and that, therefore, he was denied counsel on direct appeal. Respondents further note that what petitioner did file was a state postconviction petition, and the United States Supreme Court has held that there is no right to counsel in such proceedings (ECF #11 at 8, citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991), *overruled on other grounds by Martinez v. Ryan*, 132 S. Ct. 1309. 1315 (2012)).

As with ground 1, the Nevada Supreme Court's affirmance of the denial of this ground based on its conclusion that petitioner failed to demonstrate that his trial counsel's performance was deficient is not an objectively unreasonable application of *Strickland*. Accordingly, ground 2 is denied.

### C. Ground 3

Petitioner claims the following: his trial counsel was ineffective by failing to obtain and share discovery and by failing to adequately investigate the case (ECF #4 at 10-17). Petitioner provided

his counsel with names of witnesses and addresses, and the investigator that counsel used failed to adequately pursue the investigation, which led to counsel's failure to produce exculpatory evidence and witnesses (*id*.).  Respondents argue that the Nevada Supreme Court's affirmance of the denial of this ground is not an objectively unreasonable application of *Strickland* (ECF #11 at 9).

In rejecting vague claims of ineffective assistance of counsel, the Ninth Circuit has explained that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994).  A petitioner cannot succeed on a conclusory ineffective assistance of counsel claim involving failure to investigate or present exculpatory evidence, that is, when he fails to identify any specific information or facts that additional investigation may have uncovered.  *See also Villafuerte v. Stewart*, 111 F.3d 616, 632 (9th Cir.1997) (petitioner's ineffective assistance claim rejected where he presented no evidence concerning what counsel would have found had he investigated further, or what lengthier preparation would have accomplished).

The Nevada Supreme Court affirmed the denial of this ground, concluding that

> [petitioner] failed to set forth any specific facts in support of these claims. Aside from a reference to allegedly exculpatory photographs, not described by [petitioner, petitioner] failed to indicate what discovery was not obtained or shared.  Petitioner failed to specifically identify the evidence that a more thorough investigation would have uncovered. [Petitioner] received a substantial benefit by entry of his plea in the instant case as he avoided going to trial and the risk of a greater sentence on the original charges. [Petitioner failed to demonstrate that there was a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial had trial counsel shared discovery or performed a more thorough investigation.

(Ex. 11 at 3).

The Nevada Supreme Court's affirmance of the denial of this ground cannot be said to an unreasonable application of *Strickland*.  Accordingly, ground 3 is denied.

**D.  Ground 4**

Petitioner alleges that his First, Sixth and Fourteenth Amendment rights were violated when prison personnel refused to deliver petitioner's legal mail, telling him that it had been lost or

7

1  destroyed, and then later telling him that he had in fact received his legal materials (ECF #4 at 19). The
2  Nevada Supreme Court affirmed the denial of this ground because it did not challenge the validity of the
3  guilty plea or the effective assistance of counsel and thus, pursuant to NRS 34.810(1)(a), was improperly
4  raised in a petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty
5  plea (ex. 11 at 72-73).

6        Ground 4 must be denied because it fails to state a claim cognizable in a federal petition
7  for a writ of habeas corpus. The writ of habeas corpus is limited to attacks upon the legality or duration
8  of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 484-486 (1973)*; Crawford v. Bell*, 599 F.2d 890,
9  891-892 (9th Cir. 1972). Ground 4 sets forth allegations that relate to petitioner's First Amendment right
10 to access to the courts and thus implicates his constitutional rights pursuant to 42 U.S.C. § 1983. *See also*
11 *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Accordingly, ground 4 is denied for failure to state a claim
12 cognizable in a federal habeas petition.

### E. Ground 5

14 Petitioner that his Fourteenth Amendment rights were violated because his counsel coerced
15 him into entering an *Alford* plea in order to conceal the fact that counsel was unprepared for trial (ECF
16 #4 at 23). Respondents argue that the Nevada Supreme Court's determination was not an unreasonable
17 application of Strickland (ECF #11 at 10).

18       In affirming the district court's denial of this ground, the Nevada Supreme Court
19 determined that

> [petitioner] failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. In entering his plea, [petitioner] acknowledged that his plea was not the product of any threats or promises not contained in the plea agreement and that sentencing decisions were left to the discretion of the district court. Accurate and candid advice regarding the outcome of trial is not deficient. [Petitioner] failed to demonstrate that there was a reasonable probability that he would not have entered a plea in this case absent trial counsel's performance.

24 (Ex. 11 at 70).

25 While trial counsel testified at the evidentiary hearing that petitioner received a harsh
26 sentence (72 to 180 months; 28 to 72 months and a consecutive 28 to 72 months), petitioner potentially

8

faced a sentence of life in prison (ex. 9 at 5,7 ).  Petitioner was canvassed when he entered his plea and stated that he did so voluntarily (ex. 2 at 3).  The Nevada Supreme Court's conclusion that petitioner failed to demonstrate that there was a reasonable probability that he would not have entered a plea in this case absent trial counsel's deficient performance is not an objectively unreasonable application of *Strickland*.  Accordingly, ground 5 is denied, and the petition is denied in its entirety.

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus (ECF #4) is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

9

**APPEALABILITY.**

**IT IS FURTHER ORDERED** that petitioner's motion to request status of case (ECF #31) is **DENIED** as moot.

DATED:  This 25th day of March, 2013.

                                            _____
                                            UNITED STATES DISTRICT JUDGE